PER CURIAM.
Appellant was convicted of various felonies and misdemeanors. Part of the sentence imposed was suspension of her driver’s license for forty-eight months. None of the offenses were the type of crime for which a trial court is authorized to suspend a driver’s license. The state contends, however, that the felonies involved the use of a motor vehicle in which case, pursuant to section 322.26(3), Florida Statutes (1987), the trial court could send the record of the convictions to the Department of Highway Safety and Motor Vehicles which would then revoke her driver’s license.
The only connection that the state points to is that the appellant drove to the scene of the crimes in a motor vehicle. It is not alleged that any of the crimes took place while the appellant was in her vehicle. *490 Prom the sparse record (this was a nolo contendere plea), it appears that all but one of the crimes clearly took place outside the vehicle. The other charge, the shooting into an occupied dwelling, did not allege that it was perpetrated from a motor vehicle and the colloquy at which the plea was taken does not show whether this was the case. We, thus, find section 322.26(3), Florida Statutes (1987) not applicable to this case.
We, therefore, vacate that portion of the appellant’s sentence suspending her driver’s license. Otherwise, affirmed.
FRANK, A.C.J., and THREADGILL and PATTERSON, JJ., concur.