PARKER, Judge.
The sole issue presented in this appeal is whether the trial court, at sentencing, can suspend Norris Hubbard’s driving privileges. We hold that the trial court erred in suspending Hubbard’s driver’s license and vacate that portion of the sentence. In all other respects, the judgment and sentences are affirmed.
Hubbard pleaded guilty to sale and possession of cocaine in 1987. He received probation. In 1988, Hubbard entered a plea of guilty to violation of probation. Hubbard was sentenced to state prison for a term of years which was within the sentencing guidelines. As part of Hubbard’s sentence, the trial court also suspended Hubbard’s driving privileges for eight years upon his release. From a review of the presentence investigation, it appears that the drug transaction was a street sale which did not involve a vehicle. There is no reference any place in the record to the use of a vehicle during the commission of these offenses by Hubbard.
Even if a vehicle had been implicated, however, the trial court was without authority to revoke or suspend, on its own, Hubbard’s driving privileges. See Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989). Although section 322.28, Florida Statutes (1987), permits a trial court to revoke drivers’ licenses, that statute relates only to revocation arising from convictions for driving under the influence of alcohol, chemical substances, and controlled substances.
Under other circumstances than those presented by this case, section 322.- *417 26(3), Florida Statutes (1987) * may apply to allow the trial court to send the record of the conviction to the Department of Highway Safety and Motor Vehicles, so that the department could revoke or suspend the driver’s license. However, based upon this record that statute is inapplicable because it has not been demonstrated that Hubbard utilized a vehicle in committing these crimes. See Watson v. State, 556 So.2d 489 (Fla. 2d DCA 1990) [15 F.L.W. D318],
We vacate that portion of Hubbard’s sentence suspending his driver’s license. Otherwise, we affirm.
LEHAN, A.C.J., and THREADGILL, J., concur.

 That statute provides:
322.26 Mandatory revocation of license by department. — The department shall forthwith revoke the license or driving privilege of any operator or chauffeur upon receiving a record of such operator's or chauffeur’s conviction of any of the following offenses:
[[Image here]]
(3) Any felony in the commission of which a motor vehicle is used.